Seawele, J.
delivered the Opinion of^the Court:
There is no analogy in principle between this case and thoge of a selling for taxes without due advertisement; in which cases, such sales have been held good. Thc-⅛, the officer did no more than he was authorized to dA; here he has. He has in this case sold an entire tract, for taxes on the whole, when no tax was due lor one third part. He has not been satisfied* with this ; but has sold ior the raising of two'-vears’ taxes upon the relióle, when,, by law, he had no right to sell at all, and which appears, on the lace of the deed. The purchaser, therefore, cannot show his title without exhibiting, on the face of it, an abuse of the authority under w’hich the Sheriff acted,
*42 But It is insistecL that so far as the Sheriff could have sold, j his sale ought to be effectuated;—and cases of derived from contract have been relied on. Now it may be a general rule, that in such cases the Courts will sustain them where they have been executed in such way that, the act which the. agent*.had authority to do, was properly done, and was capable of being separated from that, which there was no. authority to do. Bat how in the present case, can such separation be made J The selling of the latí® was not in a proper manner; for the sunt raised was three or four times as muchas the officer had authority to demand. No one, therefore, can tell how much would, have been required to raise the tax lawfully de-mandabie. If this was ,a case of private agency, we therefore see no principle upon.-which a Court could presume ,to collect an intention to execute a power ; for the act done, and the effect which.results from an operation of the act, if it is to have any,..are as essentially different from a .proper exercise of the power as any two acts could be. In those cases of private powers, where the act has been done which the power authorized, though the agent may have done more,,—-and the authorized-act has been clone in such xvay that it m|y operate consistently with the authority,—-if innocent persons are likely to suffer, the Law has said, “ That it will intend from the act and its effect, that the agent designed to execute his authority, but has only done so- in a bungling - manner.” But we ■think, in the case of public officers, whose authority is not derived from any individual, that the Law is clear, that, wherever they transcend their authority, the whole act is .void : That the Law for them," nor for anyone else, will 'presume they intended-|o act properly * The Sheriff, therefore, being a -public officer, and having exceeded th$ limits of his authority, the whole of his act is void, and, cuuseguenth , the Plaintiff cannot recover.
*43 The Act of Assembly-under which the Sheriff sold, dl-rects him to sell to the person , who wtli pay the- taxes and charges of advertisement for the smallest number of acres ; and if no one will pay them for less than the whole tract, to execute a deed to the Governor, for the use of the1 State.' And when they^are sold to an individual, the same Act requires, that the "quantity purchased, shall be separated' from that not sold, by an actual, survey made by the County Surveyor, and the Sheriff is to execute a deed-accordingly. .From the state, of the facts, it appears impossible that the present deed can prevail to its, full extent; and by what rule or principle. can its operation be directed ? It cannot, in justice, be said that it shall be confined to the two thirds, excepting one.acre, because it is impossible to say how much land it would have required to raise the tax legally demandable : and.on.this wore it is repeated, that the purchaser, by his oztfn died, bears testimony against the justice as .well as legality cf his claim1. But if the deed is to . be confined to the two birds, where is the excepted acre to.be fouSd ? Not in the deed ; but must require something further to be done, either by the consent of the parties or the compulsory process of Law. Such a result is clearly at variance "with what the Legislature contemplated to follow, from the act it authorized the Sheriff ho do.* -
Hall, J. and Cameron, J,, considered this case to come within the principle of those where a sale- by'a Sheriff for taxes Was held good,-though'the Sheriff had omitted to advertise in the 'manner required by Act of Assembly.

 Coke's Rep 6, Carpenter's case

 Vid. Plowd. Com. Dive v. Manninghum Wing. Mum. Regula 99.